IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MAYRA ADAME (MARQUEZ) ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | |
| v. ) | Case No.: 6:20-cv-470 |
| ) | |
| DYNAMIC RECOVERY SOLUTIONS, LLC ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Mayra Adame (Marquez), by and through the undersigned counsel, and for her Complaint against Dynamic Recovery Solutions, LLC., under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

**JURISDICTION**

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff resides in the city of Palestine, a part of Anderson County, Texas, 75803.

1

6. The acts that occurred giving rise to this complaint occurred while Plaintiff was in the city of Palestine, a part of Anderson County, Texas 75803, making Tyler a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant, a South Carolina corporation headquartered in Greenville, South Carolina, practices as a debt collector throughout the country, including Texas.

8. Defendant attempts to collect alleged debts throughout the state of Texas, including in Tyler city and Anderson county.

9. Defendant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in the jurisdiction of the Tyler Division and Defendant attempts to collect alleged debts throughout the state of Texas.

11. As Defendant knowingly attempted to collect on a debt allegedly incurred in Tyler, Texas and thus has sufficient minimum contacts with this venue is additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

12. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

13. Defendant's collection activities violated the FDCPA.

14. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive

2

rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

15. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

16. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

**PARTIES**

17. Plaintiff, Mayra Adame (Marquez) (hereafter "Plaintiff"), is a natural person currently residing in the State of Texas.

18. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

19. Defendant Dynamic Recovery Solutions, LLC ("DRS") is a South Carolina corporation engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business at 135 Interstate Boulevard, Greenville, South Carolina 29615.

20. DRS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

21. DRS regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## **FACTUAL ALLEGATIONS**

22. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendants.

23. On or about October 1, 2019, DRS sent the Plaintiff a collection letter. Said letter is attached and fully incorporated herein as **Exhibit A**.

24. The alleged debt identified in **Exhibit A** was originally owed to "Texas East Emergency Phys" and would have been incurred only for personal or family medical purposes.

25. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

27. Upon information and belief, **Exhibit A** is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

28. **Exhibit A** is addressed to Mayra Marquez and lists the DRS reference number as "103743659."

29. **Exhibit A** states that the current creditor to be Pendrick Capital Partners, LLC and states that the total outstanding balance is $1,131.35.

30. **Exhibit A** states that the Current Creditor Reference number is CNJ765.

31. On or about October 1, 2019, DRS sent the Plaintiff a different collection letter. Said letter is attached and fully incorporated herein as **Exhibit B**.

32. The alleged debt identified in **Exhibit B** was originally allegedly owed to "Texas East Emergency Phys" and would have been incurred only for personal or family medical purposes.

33. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

34. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

35. Upon information and belief, **Exhibit B** is a form letter, generated by a computer, and with the information specific to Plaintiff inserted by the computer.

36. **Exhibit B** is addressed to Mayra Adame and lists the DRS reference number as "103747612."

37. **Exhibit B** states the current creditor to be Pendrick Capital Partners, LLC and states that the total outstanding balance is $1,131.35.

38. **Exhibit B** states that the Current Creditor Reference number is COA609.

39. These two letters addressed to Plaintiff, appear to be collecting on the same alleged debt, but under two separate accounts.

40. Upon information and belief, there was only one alleged debt incurred by Plaintiff allegedly owed to Texas East Emergency Phys in the amount of $1,131.35.

41. Defendant, however, is attempting to collect the same debt under two different reference numbers and two different names.

42. Mayra Adame and Mayra Marquez are on in the same, with the same address and identifying information, yet Defendant has sought to collect the alleged debt in the form of two different accounts.

43. These letters would lead the least sophisticated consumer to believe that they owed two separate debts on two different accounts.

44. Even if the least sophisticated consumer were to attempt to pay on one of these alleged accounts, she would have no way of knowing which account is the proper one.

45. The least sophisticated consumer is thus being threatened with two separate accounts that may be placed on the consumer's credit report unless Plaintiff were to pay both duplicative accounts.

46. Plaintiff suffered injury-in-fact by being subjected to unfair and abusive practices of the Defendant.

47. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

48. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

49. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

50. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

51. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights. The act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits; these materially misleading statements trigger liability under section 1692e of the Act.

52. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

53. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including declaratory relief and damages.

54. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

55. Defendant's conduct has caused Plaintiff to suffer damages including, but not limited to, the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding her situation.

56. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

57. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

58. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendant.

59. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

60. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

**COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt**

61. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

62. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but

not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

63. Defendant's collection activities violate 15 U.S.C. § 1692e by attempting to charge Plaintiff twice the amount of money as the original alleged debt by creating two accounts for the same alleged debt.

64. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

65. Defendant's collection efforts only serve to confuse and mislead the consumer.

66. Defendant's collection efforts were materially false, misleading, and deceptive.

67. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mayra Adame (Marquez), prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Mayra Adame (Marquez), and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## COUNT II: Violations Of § 1692d & 1692f Of The FDCPA – Harassment or Abuse, False or Misleading Representation, & Unfair Practices

68. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

69. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

70. Defendant's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

71. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

72. Defendant's communications with Plaintiff were deceptive and misleading.

73. Defendant used unfair and unconscionable means to attempt to collect the alleged debt.

74. Defendant's violation of § 1692d and § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Mayra Adame (Marquez), prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Mayra Adame (Marquez), and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## **JURY DEMAND**

75. Plaintiff demands a trial by jury on all Counts so triable.

Dated: August 24, 2020

Respectfully Submitted,

**HALVORSEN KLOTE**

By: /s/ Samantha J. Orlowski
Samantha J. Orlowski, #72058
Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO  63141
P: (314) 451-1314
F: (314) 787-4323
sam@hklawstl.com
joel@hklawstl.com

*Attorneys for Plaintiff*